# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEONARD T. McCOY**
    **Petitioner,**

  **v.**                                  **Case No. 10-C-1121**
                                              **(Criminal Case No. 06-CR-223)**

**UNITED STATES OF AMERICA**
    **Respondent.**

## ORDER

Petitioner Leonard McCoy moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and I construed the motion as alleging ineffective assistance of counsel. I directed the government to respond, and the government attempted to obtain input from petitioner's lawyer, but petitioner was unwilling to waive attorney-client privilege. The government then filed a motion to waive the privilege, and petitioner responded that he did not understand why counsel asked him to waive the privilege, so he was not willing to do so. I then entered an order directing petitioner to clarify his claim. I indicated that if he was alleging ineffective assistance, as I surmised, the privilege would be waived with respect to those communications relevant to his claim. See, e.g., United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009), cert. denied, 130 S. Ct. 1548 (2010). If not, the privilege would remain, but petitioner would have to then explain the alternate basis for his claim.

Petitioner responds that he is, in fact, alleging ineffective assistance rather than the Bureau of Prisons' designation of facility. He further indicates that he is willing to waive the privilege now that he has a better understanding.

**THEREFORE, IT IS ORDERED** that the government's motion to waive attorney-client privilege (R. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the government file its response to petitioner's § 2255 motion on or before **November 14, 2011**. The court will address further scheduling on review of the government's response.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge